UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN E. LAVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-83-P-C |
| | ) | |
| BANKNORTH NA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION ON DEFENDANTS' MOTION TO DISMISS**

Pro se plaintiff, John E. Lavin, a former employee at defendant Banknorth NA's Falmouth, Maine, collections call center, contends that he was wrongfully terminated from employment in violation of an express employment contract and in violation of Maine statutes designed to protect disabled persons.  Lavin also alleges that Banknorth defamed him and violated the federal Fair Labor Standards Act by failing to compensate him for time at the beginning of each shift which, if credited, would have required the payment of overtime wages.  In addition to naming Banknorth as a defendant, Lavin also pursues his claims against his immediate and higher-echelon supervisors, Gary Currier, Kim Preo and "Stretch" Madore, and against Tracy Dickerson, a member of Banknorth's human resources department.  The defendants removed the case from Maine Superior Court and have moved to dismiss the claims against them on the ground that Lavin fails to state a claim for which relief may be granted.  I recommend that the court dismiss all of the claims against the individual defendants.  I also recommend that the court dismiss all of the claims against Banknorth but for the Fair Labor Standards Act claim.

**The Complaint**

According to Lavin's complaint, he was employed at Banknorth pursuant to a contract entered into between Banknorth and the Maine Department of Labor, through its "Bureau of Disability." (Compl. ¶ 20.)  Because the Department does not have a Bureau of Disability, I presume Lavin is referring to the Department's Bureau of Rehabilitation Services, which administers a General Vocational Rehabilitation Program.  According to Lavin, the Bureau "entered into a contract with Banknorth NA that specifically recognized John E. Lavin . . . as a disabled person and bound both parties with specific contractual obligations," to wit: "Banknorth NA contractually agreed to specific intervention from a duly authorized representative (agent) of the Bureau . . . prior to taking any adverse or disciplinary action regarding [his] employment." (Id. ¶¶ 20-21.)  Lavin maintains that, in violation of this agreement, Banknorth discharged him from employment on December 7, 2004, without prior notice to and without involving the Bureau's representative in the process.  (Id. ¶ 26.)  According to Lavin, Banknorth indicated through Lavin's supervisor that Lavin had done something improper under Banknorth's "integrity standards," but never provided him with an adequate explanation as to why his actions were deemed improper or necessitated his discharge.  (Id. ¶ 27.)  Lavin also complains that, following his discharge, Banknorth defamed him in documents provided to the Bureau of Unemployment Compensation that indicated Lavin was discharged for cause and for misconduct.  (Id. ¶ 41.)  Finally, Lavin contends that Banknorth required all hourly employees in its collections department, himself included, to be prepared to start work immediately upon the hour designated for them to start work, which policy had the effect of requiring employees to arrive a minimum of 15 minutes early to set up and activate the equipment necessary to perform their duties.  (Id. ¶ 45.)  According to Lavin, Banknorth does not compensate its employees for the time spent on

these necessary tasks.  (Id.)  Based on these allegations, Lavin asserts the following causes of action in four counts: (1) "wrongful discharge"; (2) "fraudulent breach of contract"; (3) defamation; and (4) "violation of the Fair Labor Standards Act of 1938."

## Discussion

Federal Rule of Civil Procedure 12(b)(6), the procedural vehicle for the defendants' motion, provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted."  In deciding a motion to dismiss, the court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory."  TAG/ICIB Servs., Inc. v. Pan Am. Grain Co., Inc., 215 F.3d 172, 175 (1st Cir. 2000).  The defendants are entitled to dismissal only if it appears to a certainty that the plaintiff cannot recover under any set of facts consistent with the allegations set forth in the complaint.  Me. Coast Mem'l Hosp. v. Sargent, ___ F. Supp. 2d ____, 2005 U.S. Dist. LEXIS 8508, *3, 2005 WL 1114346, *1 (D. Me. May 10, 2005).  Federal Rule of Civil Procedure 8(a)(2) requires no more from a complaint than a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); see also Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Additionally, because Lavin is pro se his complaint is to be subjected to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Moreover, because Lavin is pro se his other submissions, including his response to the motion to dismiss, may be consulted in order to better understand the nature and basis of the claims set forth in his complaint.  Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002).

A.      The "Contract/Tort" Claims

The defendants' first contention is that Maine law does not recognize a claim for "wrongful discharge." (Mot. to Dismiss, Docket No. 5, at 3-4.) The gist of this challenge is that there is no generalized duty under Maine law for an employer to refrain from firing an at-will employee in the absence of cause. (Id.) This is a legitimate point, see Smith v. Heritage Salmon, Inc., 180 F. Supp. 2d 208, 219 (D. Me. 2002), to which Lavin responds that Maine law will recognize an employment contract (as opposed to an at-will employment relationship) if there is a clear promise to discharge only for cause. (Pl.'s Resp., Docket No. 7, at 2-3.) According to Lavin, "Defendants had an obligation to enumerate standards and to adhere to the standards explicitly." (Id. at 3.) The problem with Lavin's position is that he fails to allege in his complaint or to argue in his responsive memorandum that Banknorth ever promised to discharge him only for cause. Instead, Lavin asserts only that Banknorth agreed to include a Bureau representative when "problems" arose. (Id., citing Aff. of Bonita Gouzie) An agreement to permit a representative to be involved in order to "help address any problems" (id.) does not amount to a clear promise to discharge an employee only for cause. In the absence of such an agreement, Lavin remained an employee whom Banknorth could discharge from employment at will.[1]  See Taliento v. Portland W. N'hood Planning Council, 1997 ME 194, ¶ 9, 705 A.2d 696, 699 (indicating that the "only exception to the employer's common law right to discharge an employee at will is a contract that [1] expressly restricts such a right and [2] clearly limits the employer to the enumerated method or methods of terminating the employment") (internal

---

[1] Lavin did not articulate the elements of a disability discrimination claim or include a discrimination count in his complaint. He merely asserted, in conclusory fashion, that his termination was contrary to statutes protecting disabled individuals as a class. In his responsive memorandum Lavin takes issue with the defendants' assertion that Lavin's wrongful discharge claim does not state a claim of employment discrimination, but he still fails to articulate any such claim. As noted by the defendants, Lavin does not even allege that discriminatory animus motivated the decision to terminate him. (Mot. to Dismiss at 8.) Additionally, Lavin begins his complaint with an assertion that he has waived his right to exhaust any such claim before the Maine Human Rights Commission, the appropriate administrative agency in which to first present any federal or state disability discrimination claim.

punctuation omitted).  As the Law Court made clear in Taliento, where the only modification to an at-will employment relationship involves "a procedure to be followed, a method of discharging an employee," without also expressly restricting the right to discharge the employee, a claim for wrongful termination will be dismissed.  Id., 1997 ME 194, ¶ 11, 705 A.2d at 699.  Accordingly, Lavin fails to state a claim for wrongful discharge or for breach of an employment contract against Banknorth.  The individual employees, of course, are not subject to either a wrongful termination claim or a breach of contract claim because none served as Lavin's employer.  Even assuming that any of them made a promise concerning how disciplinary matters would be handled concerning Lavin, there was no consideration provided to them to make any such promise enforceable.  See Whitten v. Greeley-Shaw, 520 A.2d 1307, 1309 (Me. 1987) ("Every contract requires 'consideration' to support it, and any promise not supported by consideration is unenforceable.").  Finally, there is no such tort in Maine as "fraudulent breach of contract."  "[T]ort recovery must be based on actions that are separate from the actual breach of contract."  Stull v. First Am. Title Ins. Co., 2000 ME 21, ¶ 14, 745 A.2d 975, 980.  Accordingly, I recommend that the court dismiss counts I and II of the complaint.

**B.     Defamation**

Lavin's defamation claim is premised on communications made by one or more of the defendants to the Maine Unemployment Commission concerning the termination of Lavin's employment with Banknorth.  Pursuant to 26 M.R.S.A. § 1047, "All information transmitted to the bureau, the commission or its duly authorized representatives pursuant to [Maine's Employment Security Law, 26 M.R.S.A. §§ 1041 *et seq.*,] is absolutely privileged and may not be made the subject matter or basis in any action of slander or libel in any court in this State."

Lavin does not contest the defendants' position that § 1047 of the Employment Security Law precludes his defamation claim. Therefore, count III should be dismissed as well.

**C.     Fair Labor Standards Act**

According to Banknorth, Lavin fails to allege a cognizable claim under the federal Fair Labor Standards Act (FLSA) because he does not allege that activities he performed to prepare for his shifts caused him to be paid less than the federal minimum wage or to be deprived of overtime compensation. (Mot. to Dismiss at 13-14.) Banknorth also contends that the claim must be dismissed because Lavin fails to allege that Banknorth had knowledge that he was spending 15 minutes prior to his shifts in order to be prepared to perform his job. (Id. at 14.) As to the latter issue, the court can readily infer from the allegations in the complaint that Banknorth would have knowledge of the alleged preparatory activities[2] and, in any event, Banknorth fails to cite any cases dismissing an FLSA claim based on a failure to allege that the employer had knowledge of a FLSA violation. As to the former issue, it appears from Lavin's responsive memorandum that his claim is based on an alleged failure by Banknorth to provide overtime compensation to which he would have been entitled had his preparatory activities been credited to his time sheet. (Pl.'s Response at 5-6.)

"The FLSA's overtime provisions establish the general rule that employees must be compensated at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours." De Jesus-Rentas v. Baxter Pharm. Servs. Corp., 400 F.3d 72, 74 (1st Cir. 2005) (citing 29 U.S.C. § 207(a)(1)). Banknorth argues that Lavin's overtime claim must be dismissed because he has failed to state that he actually worked in excess of forty hours per week without receiving overtime compensation. (Defs.' Reply, Docket No. 9, at 6.) Again, I

---

[2]     At paragraph 45 of the complaint, Lavin alleges that "all employees" have to perform these preparatory acts.

6

consider it to be implicit from Lavin's complaint and responsive memorandum that he personally worked in excess of forty hours without receiving overtime compensation. I base this inference on the fact that Lavin asks the court to award him damages for lost wages (Compl. at 7) and because he asserts in his responsive memorandum that Banknorth assigns a 40-hour shift to the workers in its collections department. (Pl. Response at 5-6.) Because it does not appear to a certainty that Lavin cannot recover under the FLSA for a violation of 29 U.S.C. § 207(a)(1) on any set of facts consistent with the allegations set forth in his complaint, I recommend that the court deny the defendants' motion to dismiss to the extent that it alleges a FLSA claim against Lavin's former employer, Banknorth. However, because there is no legal basis to assert the FLSA claim against the individual defendants, count IV should be dismissed as to them.

## Conclusion

For the reasons set forth herein, I **RECOMMEND** that the court **GRANT** the defendants' motion to dismiss (Docket No. 5) **IN PART**, by dismissing all claims against the defendants but for Lavin's FLSA claim against his former employer, Banknorth NA.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated June 8, 2005