UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOHN E. LAVIN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 05-83-P-C |
| | ) |
| BANKNORTH, N.A., | ) |
| | ) |
| Defendant | ) |

**ORDER re: DOCKET Nos. 26 & 27**
**AND**
**RECOMMENDED DECISION re: DOCKET Nos. 23 & 25**

This matter is before the court on a series of motions, including the defendant's motion to dismiss and motion for attorney fees (Docket Nos. 23 & 25), the plaintiff's motion for sanctions (Docket No. 26), and the plaintiff's motion to suspend litigation pending resolution of the complaint filed with the Board of Overseers of the Bar (Docket 27). I now **DENY** plaintiff's motion for sanctions and his motion to suspend litigation and I recommend that the court **GRANT** the motion to dismiss and **GRANT** the motion for the imposition of sanctions in the nature of attorney fees. If the court determines that it is inappropriate to dismiss this action, it should directly order that the plaintiff cooperate fully with any discovery initiatives undertaken in the time remaining before the discovery deadline of December 20, 2005.

John Lavin commenced this action in state court in April 2005. He complained that his previous employer, BankNorth, N.A. and certain named bank employees "fraudulently" breached an employment contract with him, wrongfully terminated him, defamed him, and violated the Fair Labor Standards Act. On June 8, 2005, I recommended that all claims except for the FLSA count against BankNorth itself be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure.  This court adopted that recommendation without objection by either party.  (Docket No. 13).   Discovery commenced pursuant to a scheduling order I issued on July 19, 2005.

The record reflects that shortly after discovery commenced BankNorth, through its counsel, attempted to schedule Lavin's deposition.  Apparently the bank's counsel heard from Lavin who indicated he would not be available for a deposition on *any* business day between 9 to 5.  The bank's counsel then contacted my chambers to alert the court of the discovery dispute and requested a telephone conference as required by Local Rule 26.  When my judicial assistant attempted to contact Lavin regarding the *telephone* conference he informed her he could not participate on *any* business day between 8 and 5, the hours when court is open and I am available to hold conferences.  Finding myself at a dead end, I set the entire discovery dispute for a hearing in the United States District Court in Portland on August 29, 2005, giving Lavin 10 days notice of the hearing.  (Docket  No. 16).  Lavin did not appear for the hearing and I issued a procedural order confirming the September 13, 2005, deposition and providing that Lavin had to notify counsel of his intent to comply with that order by September 6.  On September 6, 2005, Lavin filed an objection to my procedural order.  On September 29, 2005, Judge Carter denied Lavin's objection to my procedural order.

In the meantime defendant's counsel filed the current motion to dismiss pursuant to Rule 37 of the Federal Rules of Civil Procedure as a sanction for Lavin's flagrant disregard of this court's orders and his discovery obligations.  BankNorth also sought its counsel fees for the prosecution of this motion.  Counsel noted that Lavin's position was analogous to the plaintiff's conduct in Guex v. Allmerica Financial Life Ins. and Annuity Co., 146 F.3d 40 (1st Cir. 1998), a

case wherein the appeals court affirmed the magistrate judge's dismissal with prejudice of plaintiff's complaint.  I agree with BankNorth.

I tried to treat this contretemps over the scheduled deposition as a request by Lavin for some type of protective order vis-à-vis his employment schedule and the obligation he had regarding his appearance at his own deposition.  Lavin never provided me with any justifiable excuse explaining his need for any protective order, let alone a protective order that would basically relieve him of his obligation to attend his own deposition during regular business hours.  I was willing, in the first instance, to hold a telephone conference during the lunch hour or any other time during regular business hours.  It is incomprehensible that Lavin could not find 15 minutes in his busy schedule to respond to an inquiry from the court.  He has never explained to the court where he works or what type of position he holds that makes him incognito from 8 a.m. to 5 p.m. every day of the week.  (See my Order at Docket No. 16).

After failing to appear at the hearing I scheduled for August 29, 2005, Lavin has filed numerous pleadings, objections, and discovery related information on the docket.  His first response was to file with the court his discovery responses he claimed had been served upon the defendant. (Docket No. 21).  Those responses do not move the case forward in any meaningful fashion.  Then he filed the previously mentioned and overruled objection to my procedural order requiring him to appear for his September 13, 2005, deposition.  (Docket No. 22).  Next Lavin filed a motion for sanctions against the bank's counsel (Docket No. 26) and a motion to suspend this litigation pending resolution of a complaint he filed with the Bar Counsel regarding defense counsel's conduct in this case (Docket No. 27).  These motions are nothing but so much background noise on the docket.  The crux of Lavin's complaint is that defense counsel sent him an "ex parte communication" on September 7, 2005, in violation of Maine Bar Rule 3.6(j).  He

attaches a copy of a letter sent by defense counsel expressing his dissatisfaction with Lavin's discovery responses to date. As BankNorth indicates in its response to this motion, the Bar complaint is nonsensical, it has already been dismissed by Bar Counsel, and there is no reason why it would cause this litigation to be suspended.

Based upon the foregoing, I now **DENY** Lavin's non-dispositive motions at Docket Nos. 26 & 27. I further recommend the court **GRANT** the defendant's motion to dismiss (Docket No. 23) and I further recommend that in the event the court dismisses this action with prejudice, the defendant should be entitled to an award of attorney fees for all fees incurred subsequent to August 29, 2005, pursuant to Rule 37(b)(2)(C).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated November 14, 2005

4